UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony W. Austin, Jr.,                                     Case No. 3:25-cv-193

           Plaintiff,

    v.                                                       MEMORANDUM OPINION
                                         AND ORDER

Corrections Center of Northwest Ohio,

           Defendant.

### I.      BACKGROUND

*Pro se* Plaintiff Anthony W. Austin, Jr., an Ohio inmate, has filed an *in forma pauperis* prisoner

civil rights complaint in this case under 42 U.S.C. § 1983 against the Corrections Center of

Northwest Ohio ("CCNO") where he is incarcerated.  (Doc. No. 1).  Although his complaint does

not allege a specific constitutional claim or claims, Plaintiff states that the basis for his action is that

"medical took [his] suboxone [medication] for false reasons."  (*Id.* at 4).  The relief he asks for is

"to get [his] medication back."  (*Id.* at 5).

### II.      DISCUSSION

*Pro se* pleadings are liberally construed and held to less stringent standards than pleadings

drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But the lenient treatment generally

accorded *pro se* plaintiffs "has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation

omitted).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to

conjure allegations or create claims on their behalf.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.

2008); *Bassett v. National Collegiate Athletic Ass'n,* 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* complaints filed in federal court and any complaint in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Rule 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A).

Upon review, I conclude that Plaintiff's complaint warrants dismissal in accordance with §§ 1915(e)(2)(B) and 1915A.

First, to state a claim under § 1983, a plaintiff must demonstrate that he suffered a deprivation of a right secured by the Constitution or laws of the United States committed by a "person" acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). The only Defendant Plaintiff names in his complaint, CCNO, is a state correctional facility which is not a "person" subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex,* No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) ("A state prison is not a 'person' subject to suit under § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-71 (1989)). Nor is a prison's medical department a "person" subject to suit under § 1983. *Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355-56 (6th Cir. 2006) (citing cases). Accordingly, Plaintiff's complaint fails to state a plausible § 1983 claim against the only named Defendant here.

2

Further, even had Plaintiff sued a Defendant subject to suit, his complaint fails to allege a plausible federal constitutional deprivation. I liberally construe his complaint as alleging a claim under the Fourteenth Amendment for failure to provide him with adequate medical care or treatment. But failure to provide adequate medical treatment to a pretrial detainee is a violation of the Fourteenth Amendment's prohibition against cruel and unusual punishment only when the detainee can show "'(1) that [the detainee] had an objectively serious medical need; and (2) that [the defendant's] action (or lack of action) was intentional (not accidental) and [that] she . . . recklessly failed to act reasonably to mitigate the risk the serious medical need posed to [the detainee], even though a reasonable official in [the defendant's] position would have known' of that risk." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021)) (alterations by *Hyman*).

Plaintiff's complaint fails to allege facts from which a plausible inference could be drawn that he had a serious medical need posing a substantial risk of serious harm to him, or facts from which a plausible inference could be drawn that a prison official had the requisite subjective state of mind with respect to such risk. Plaintiff's allegations suggest that he dissatisfied with medication he has been provided and wants certain medication to be provided to him. But disagreements between an inmate and medical staff "regarding the appropriate diagnosis and treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) (unreported table decision). Further, a pretrial detainee "must prove 'more than negligence,'" which is the most Plaintiff's complaint suggests, in order to state a claim. *Hyman*, 27 F.4th at 1237 (quoting *Brawner*, 14 F.4th at 596).

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this matter, (Doc. No. 2), is granted, and for the reasons stated above, his complaint is dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A.   I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4